IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILDER,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN R. STEGNER, Individually and in his official capacity as District Court Judge for Latah County,<br><br>  Defendant. | Case No.  3:12-CV-304-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendant Judge John R. Stegner.  The motion is fully briefed and at issue.  For the reasons explained below, the Court will grant the motion.

## LITIGATION BACKGROUND

Plaintiff Wilder brings this action against Judge Stegner, an Idaho District Court Judge. Wilder claims that Judge Stegner, in ruling against him,  denied him due process of law.  That ruling came in Wilder's appeal from a decision of an Idaho Magistrate Judge holding Wilder in contempt for his failure to obey prior orders to pay child support.

The Docket Sheet shows that a Notice of Appeal was filed from the Magistrate's ruling on October 21, 2011.  The appeal was assigned to Judge Stegner, and a stay of the Magistrate Judge's contempt citation was issued to allow Wilder to pursue his appeal.

**Memorandum Decision - 1**

On November 9, 2011, an Order was issued setting deadlines for briefing, and scheduling an oral argument on February 13, 2012.  About two weeks later, Wilder filed challenges to the jurisdiction of the Magistrate Judge, and then in early December filed a motion to stay the substantive issues on appeal until his jurisdictional challenges could be resolved.

On February 3, 2012, Judge Stegner issued a written ruling denying Wilder's motion for a stay, and reaffirmed that the hearing set for February 13, 2012, would go forward as previously scheduled.  That hearing was held, but Wilder did not attend. Judge Stegner issued a well-reasoned decision addressing Wilder's jurisdictional allegations, and affirming the Magistrate Judge's decision.  When Wilder failed to file an appeal within the thirty day deadline, the Clerk issued a remittitur, remanding the case to the Magistrate Judge.

About two months later, Wilder filed this lawsuit against Judge Stegner.  Wilder complains that he never received any notice of the briefing schedule or hearing date before Judge Stegner, and that he was therefore deprived of his due process rights. Wilder asks this Court to issue injunctive relief "commanding [Judge Stegner] to allow for appeal of [the State-Court] Magistrate's order . . . ." and "commanding [Judge Stegner] to set aside his Memorandum Decision and grant a hearing on Jurisdiction with at least a 14 day notice." *See Complaint (Dkt. No. 1) at p. 6.*

## ANALYSIS

Defendants ask this Court to dismiss this case pursuant to the *Rooker-Feldman*

**Memorandum Decision - 2**

doctrine.  Under *Rooker-Feldman*, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments, because jurisdiction over such appeals is vested exclusively with the United States Supreme Court.  *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker-Feldman* doctrine states that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for relief, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

      The doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute or rule in federal court, even if the statute or rule has previously been applied against the plaintiff in state court litigation.  *See Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005).  Moreover, the Supreme Court has observed that neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on jurisdiction of lower federal courts, and the cases since *Feldman* have emphasized the narrowness of the *Rooker-Feldman* rule.  *See Lance,* 546 U.S. at 464.  The Supreme Court explained that *Rooker-Feldman* is "a narrow doctrine, confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

**Memorandum Decision - 3**

the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*.; (citing *Exxon Mobil Corp.*, 544 U.S. at 286).

This case falls within the "narrow" *Rooker-Feldman* doctrine. Wilder is not challenging a state statute or rule, but is instead complaining about a specific decision rendered against him by Judge Stegner, prior to filing this lawsuit, and "inviting district court review and rejection of [that decision]." *Id.* For that reason, this action must be dismissed.

Moreover, Wilder's prayer for relief seeks to compel a state judicial officer to take specific action. Although Wilder states that he is seeking "injunctive" relief, a request for injunctive or declaratory relief, which asks a federal court to order a state court or state judicial officer to perform certain duties, is not a request for injunctive or declaratory relief – it is a request for a writ of mandamus. *See e.g., Oliver v. Superior Court of Plymouth County*, 799 F.Supp. 1273, 1274 (D.Mass. 1992) (plaintiff's ostensible request for injunctive relief against the Superior Court, asking the court to perform various administrative functions, is a request for a writ of mandamus); *Johnson v. Bigelow*, 2007 WL 1170756, *1 (5th Cir. 2007) (Court acknowledged that judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, but federal courts have no authority to direct state courts or their judicial officers in the performance of their duties).

That is fatal to this lawsuit because "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their

**Memorandum Decision - 4**

duties . . . ." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966); see also *Spencer v Clark*, 2010 WL 2735696 (S.D.Cal. April 19, 2010) at *1(citing *Clark*, confirming the continued vitality of its holding).  This analysis provides an independent basis for dismissal.

    For all of these reasons, the Court will grant the defendants' motion to dismiss. The Court will issue a separate Judgment as required by Rule 58(a).

DATED:  **April 17, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 5**